UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1573 PSG (JCx) | Date | September 10, 2015 |
|---|---|---|---|
| Title | Alejandra Mendez v. TNT Towing & Recovery, LLC, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Motion for Leave to File an FAC

    Before the Court is Plaintiff Alejandra Mendez's ("Mendez") motion for leave to file a First Amended Complaint ("FAC"). *See* Dkt. # 39. Only one of the defendants, Defendant Othman Mohammed Emad ("Emad"), opposes the motion. *See* Dkt. # 42. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the moving and opposing papers, the Court GRANTS the motion.

I.     Background

    On March 4, 2015, Mendez filed this lawsuit involving the repossession of a vehicle. *See* Dkt. # 1. The complaint identifies Mendez as the purchaser of the vehicle and alleges that Defendants TNT Towing & Recovery, LLC ("TNT Towing"), Emad, and Patrick K. Willis Company ("PK Willis") (collectively, "Original Defendants") acted unlawfully in repossessing Mendez's vehicle after Mendez fell behind in financing payments owed to non-party U.S. Bank. U.S. Bank hired Defendant PK Willis to repossess Mendez's vehicle, and PK Willis in turn hired Defendant TNT Recovery, owned by Defendant Emad, to physically repossess the vehicle. *Compl.* ¶ 1.

    Liability is premised on two factual theories in the Complaint: (1) TNT Recovery was a defunct LLC which had been suspended by the Secretary of State and/or Franchise Tax Board; and (2) after TNT Recovery's employee "Doe No. 1" repossessed Mendez's vehicle from her place of employment (Crenshaw High), Doe No. 1 publicly posted pictures of the vehicle hooked up to the tow truck on the internet via Twitter with the caption "Snatched her shit from weakass Crenshaw High." *See id.* ¶¶ 2-4. The complaint asserts the following causes of action: (1) violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; (2) violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1573 PSG (JCx) | Date | September 10, 2015 |
|---|---|---|---|
| Title | Alejandra Mendez v. TNT Towing & Recovery, LLC, *et al.* | | |

Code §§ 1788, *et seq.*; (3) invasion of privacy; (4) intentional infliction of emotional distress; and (5) negligence.

After Emad and PK Willis answered the complaint, the Court issued a scheduling order setting August 13, 2015 as the last day to add parties and amend pleadings. *See* Dkt. # 36. On August 3, 2015, Defendant Emad responded to Mendez's first set of interrogatories and first set of document demands. *See Trueblood Decl.* ¶ 2. Partially based on information learned from discovery responses, Mendez seeks to amend the complaint. *Id.* ¶¶ 2-3.

In the FAC, Mendez amends her allegations as follows:

1.  Adds Defendant Robert Anderson ("Anderson"): The FAC alleges that Emad employed Anderson to repossess the car and that Anderson was not licensed to perform repossessions, that he physically repossessed the car, and that he participated in the Twitter conduct. *See Mot.* 5:10-14; *Proposed FAC* ¶¶ 3-5.

2.  Drops Defendant TNT Towing: The FAC drops TNT Towing from the lawsuit because discovery responses indicate that Emad sold the entity to third parties in 2006, thus "the proper defendant appears to be Emad, a sole proprietor, who continues to do business using the dba "TNT Recovery." *Mot.* 5:15-19.

3.  Amends Factual Legal Theories and Adds Cause of Action: The FAC no longer alleges that liability arises from Original Defendants' utilizing a defunct, suspended entity to conduct the repossession. *See id.* 5:20-23; *Proposed FAC* ¶ 3. Instead, the FAC alleges that Anderson, an individual unlicensed to repossess vehicles, was hired by Emad to repossess Mendez's vehicle, and did so. *Proposed FAC* ¶¶ 3-4. This allegation forms the revised basis for the FDCPA claim, *see id.* ¶ 17, and for the newly added sixth cause of action – violation of the Collateral Recovery Act, Cal. Bus. & Prof. Code § 7502.6, *id.* ¶¶ 53-57.

4.  Adds Plaintiff Maria Cosio ("Cosio") and Clarifies Mendez's Ownership Interest: The FAC alleges that Cosio, Mendez's mother, purchased the subject vehicle and entered into the retail sales contract regarding payments that was assigned to U.S. Bank. *See Proposed FAC* ¶ 1. The FAC further alleges that Cosio and Mendez agreed that Mendez would drive and pay for the vehicle, and that Cosio would transfer title to Mendez upon satisfaction of the retail sales contract. *Id.*; *see also Mot.* 5:26-6:7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1573 PSG (JCx) | Date | September 10, 2015 |
|---|---|---|---|
| Title | Alejandra Mendez v. TNT Towing & Recovery, LLC, *et al.* | | |

On August 5, 2015, Mendez's counsel requested that Original Defendants stipulate to the filing of this Proposed FAC. *Trueblood Decl.* ¶ 5. Defendant PK Willis stipulated to its filing, but Defendant Emad refused. *Id.* Thus, on August 12, 2015, one day before the Court's deadline to add parties and amend pleadings, Mendez filed this motion for leave to file the FAC. *See* Dkt. # 39.

II. <u>Legal Standard</u>

The Court has discretion to grant leave to amend under Federal Rule of Civil Procedure 15. *See* Fed. R. Civ. P. 15(a) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires."). The Ninth Circuit has held that Rule 15(a)'s policy of granting leave to amend "when justice so requires" "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Courts typically consider five factors when determining whether leave to amend is warranted: (1) undue delay, (2) prejudice to the opposing party, (3) bad faith, (4) futility of any amendment, and (5) whether plaintiff has previously amended his complaint. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003); *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation v. U.S.*, 90 F.3d 351, 355-56 (9th Cir. 1996). In the Ninth Circuit, prejudice to the opposing party is the most important factor. *See Eminence*, 316 F.3d at 1052 ("it is the consideration of prejudice to the opposing party that carries the greatest weight").

In exercising its discretion to grant leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

III. <u>Discussion</u>

It is clearly appropriate for the Court to grant Mendez leave to file an FAC in this case. Mendez acted promptly to amend the complaint upon receiving discovery information prompting the various changes, Original Defendants will not be prejudiced (the discovery cut-offs are more than four months away and trial is more than seven months away, *see* Dkt. # 36), there is no indication of bad faith, and Mendez has not yet amended her complaint.

Emad opposes Mendez's motion on futility grounds only. The opposition brief reads like a substantive motion to dismiss or even a summary judgment motion, contending that (1) Emad is not a "debt collector" under the FDCPA, and (2) Defendants did not "breach the peace" in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1573 PSG (JCx) | | Date | September 10, 2015 |
|---|---|---|---|---|
| Title | Alejandra Mendez v. TNT Towing & Recovery, LLC, *et al.* | | | |

commission of the repossession. *See Opp.* 3:22-5:16. Emad argues that because both the original complaint and proposed FAC fail to state a claim for violation of the FDCPA, the proffered amendments are futile and the Court should deny the present motion. *Id.* 1:26-2:3. Emad focuses on the FDCPA claim because it is the Court's basis for jurisdiction over the action, seemingly arguing that if the proposed allegations do not salvage the FDCPA claim, all of the allegations are futile because the FAC would be subject to dismissal for lack of subject matter jurisdiction. *See id.* 2:4-7.

The Court refuses to address Emad's substantive futility arguments. The FDCPA claim against Emad already appears in the original complaint; therefore, whether or not Emad is a "debt collector" is not an issue properly before the Court as the Court considers whether allowing Mendez to make her proposed *additional* allegations and claims would be futile. Emad also argues that the participation of an unlicensed individual in the repossession process does not constitute a "breach of peace" giving rise to an FDCPA violation, as a matter of law. *See id.* 3:6-8, 5:1-12. However, Plaintiff's theory of FDCPA liability is that the participation of an unlicensed repossessor meant that Defendants lacked the "present right" to possess the collateral property, not that Defendants "breached the peace." *See Proposed FAC* ¶ 17 (citing 15 U.S.C. § 1692f(6)); *Reply* 1:15-4:8. Moreover, regardless of the merit of Emad's substantive arguments, the other four amendment factors, including the heavily-weighted prejudice factor, support granting leave to amend.

IV.   Conclusion

For the foregoing reasons, the Court GRANTS the motion for leave to file an FAC.

**IT IS SO ORDERED.**