PRINDLE, AMARO, GOETZ,
HILLYARD, BARNES & REINHOLTZ LLP
Jack C. Nick, Esq. (Bar No. 160196)
Alex M. Valenzuela, Esq. (Bar No. 233783)
310 Golden Shore, Fourth Floor
Long Beach, California 90802
Telephone: (562) 436-3946
Facsimile: (562) 495-0564
jnick@prindlelaw.com
PRIM 3097

Attorneys for Defendant and Cross-Defendant,
OTHMAN MOHAMMED EMAD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALEJANDRA MENDEZ, and MARIA COSIO, | CASE NO. 15-CV-1573 |
|---|---|
| Plaintiffs, | MEMORANDUM OF CONTENTIONS OF FACTS AND LAWS |
| v. | (Complaint filed: March 16, 2015) |
| OTHMAN MOHAMMED EMAD, PATRICK K. WILLIS COMPANY, INC., ROBERT ANDERSON and DOES 1 through 10, inclusive | |
| Defendants. | |

Defendant OTHMAN MOHAMMED EMAD submits the following MEMORANDUM OF CONTENTIONS AND FACTS AND LAW.

I. **SUMMARY STATEMENT OF CLAIMS**

Plaintiff ALEJANDRA MENDEZ ("Plaintiff") filed her Complaint on March, 2015, naming PATRICK K. WILLIS COMPANY, INC. ("PKW") and OTHMAN MOHAMMED EMAD ("EMAD"). Plaintiff alleges her vehicle was wrongfully repossessed after she 'fell behind on her payments." She also alleges that an unknown person post some inflammatory comments on social media about the repossession.

Plaintiff alleged five causes of action against EMAD for (1) violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.; (2)

1

<a/>
violation of the Rosenthal Fair Debt Collections Act ("Rosenthal"), Cal. Civ. Code §§ 1788 et seq.; (3) Invasion of Privacy; (4) Intentional Infliction of Emotional Distress; and (5) Negligence.

PKW filed a Cross-complaint against EMAD for express indemnity based on an "Outside Agency Service Agreement." PKW unilaterally settled the matter with Plaintiff and is proceeding forward with the Cross-Complaint.

EMAD contends the agreement does not apply as the underlying claims by Plaintiff are not supported by the law or sufficient factual support. Plaintiff's vehicle was appropriately repossessed pursuant to state law. EMAD did not engage in any actions that would violate The FDCPA or Rosenthal act. Additionally, EMAD is not a "debt collector" under the FDCPA. EMAD did not engage in any actions that would amount to negligence, an invasion of privacy, or infliction of emotional distress.

## II. ELEMENTS

Generally, the Elements of PKW's claim falls under California law as stated in California Civil Jury Instructions series 300 under Breach of Contract, which contains the following elements.

Plaintiff claims that [he/she/it] and Defendant entered into a contract.

Plaintiff claims that Defendant breached this contract.

Plaintiff also claims that Defendant's breach of this contract caused harm to Plaintiff for which Defendant should pay.

Defendant denies the above claim.

Defendant also claims affirmative defenses.

## III. KEY EVIDENCE TO DEFENSE

Defendant anticipates key pieces of evidence to its defense is the witnesses listed in its separate witness list and the following documents.

1. Repossession Agency License for TNT Recovery.
2. Repossession Agency License for Kisa Hayes.
3. TNT Recovery Form regarding Repossession of subject vehicle.

<a/>

<a/>
2
WITNESS LIST OF DEFENDANT OTHMAN MOHAMMED EMAD
<a/>

4. American Services Vehicle Condition Report for subject vehicle.

5. TNT Recovery Notice of Repossession for subject vehicle.

6. Letter dated February 12, 2015 from US Bank to American Recovery Services giving permission to release subject vehicle to Maria Cosio.

7. Customer Release Authorization.

8. Order of Repossession for subject vehicle.

9. Authorization for Repossession for subject vehicle.

10. Outside Agency Service Agreement with Patrick K. Willis Company, Inc.

11. Any and all documents produced or referred to in responses to interrogatories or requests for production of documents by Plaintiff.

12. All exhibits or documents listed in any other party's disclosures, witness or exhibit lists.

## IV. **AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE: Alleges that Cross-Complainant is precluded from recovery from this answering Cross-Defendant and that the active or primary negligence of Cross-Complainant was the proximate cause of the damages suffered by Plaintiff, thereby barring any recovery from this answering Cross-Defendant.

SECOND AFFIRMATIVE DEFENSE: Alleges that should Plaintiff in the underlying action recover judgment against the Cross-Complainant, or should Cross-Complainant incurs any expense in the defense of said lawsuit, or make any settlement with any party thereto, then all such expenses will be the direct and proximate result of the negligence, breaches of warranty, or other culpable acts and/or omissions of Cross-Complainant as alleged by Plaintiff and Emad herein and without any negligence or culpable conduct on the part of this answering Cross-Defendant.

THIRD AFFIRMATIVE DEFENSE: Alleges that the Cross-Complainant fails to state facts sufficient to constitute a cause of action against Emad.

FOURTH AFFIRMATIVE DEFENSE: Alleges that the damages, if any, which Cross-Complainant complains, were proximately caused or contributed to by the negligence of other Defendants, Cross-Defendants, persons or entities, and that said negligence was an intervening and superseding cause of the damages of which Plaintiff, and or which Cross-Complainant now complains.

FIFTH AFFIRMATIVE DEFENSE: Alleges the damages, if any, which Cross-Complainant complains, were directly and proximately caused and contributed to by the negligence of Cross-Complainant, and Cross-Complainant is thereby barred from recovery, or Cross-Complainant's recovery is reduced, to the extent that Cross-Complainant's damages are attributable to Cross-Complainant's negligence.

V. **ANTICIPATED EVIDENTIARY ISSUES**

Defendant will contend the subject agreement does not apply as the underlying claims by Plaintiff are not supported by the law or sufficient factual support.

VI. **ANITICIPATED ISSUES OF LAW**

Defendant will contend it is not a "debt collector" for purposes of the FDCPA.

VII. **JURY TRIAL**

A jury trial was requested pursuant to the original complaint filed by Plaintiff and EMAD reserves the right to request jury based on the original demand. The issue of whether the underlying claim is covered by the agreement may be determined by a jury.

IIX. **ATTORNEY'S FEES**

PKW is seeking attorney's fees under the agreement. Under California law, attorney's fees are reciprocal. California Civil Code Section 1717

IX. **MISCELANEOUS**

A representative for EMAD has been in contact with counsel for PKW and is attempting to settle this matter.

1

2 DATED: March 29, 2016         PRINDLE, AMARO, GOETZ,
                                HILLYARD, BARNES & REINHOLTZ LLP

3

4                               By: _____
5                                   JACK C. NICK
                                    ALEX M. VALENZUELA
6                                   Attorneys for Defendant and Cross-
                                    Defendant, OTHMAN MOHAMMED
7                                   EMAD

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, declare: that I am, and was at the time of service of the documents herein referred to, over the age of eighteen (18) years and am not a party to the within action; and I am employed in the County of Los Angeles, California. My business address is 310 Golden Shore, 4th Floor, Long Beach, California 90802.

On March 29, 2016 I electronically served the following document(s) via U.S. District Court website described as **MEMORANDUM OF CONTENTIONS OF FACTS AND LAWS** on the recipients designated on the Transaction Receipt located on the U.S. District Court website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 29, 2016 at Long Beach, California.

LETI GUTIERREZ

# PROOF OF SERVICE
### <u>Alejandra Mendez v. TNT Towing & Recovery</u>
### Case No. 15-CV-1573

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to this action. My business address is 310 Golden Shore, Fourth Floor, Long Beach, California 90802.

On March 29, 2016, I served the foregoing document described as **MEMORANDUM OF CONTENTIONS OF FACTS AND LAWS** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

SEE ATTACHED SERVICE LIST

☒ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Long Beach, California.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Personal Service)** I caused to be delivered by hand by _____ to the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(Federal)** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 29, 2016, at Long Beach, California.

_____
LETI GUTIERREZ

<div align="center">

PROOF OF SERVICE
<u>Alejandra Mendez v. TNT Towing & Recovery</u>
Case No. 15-CV-1573

SERVICE LIST

</div>

| | |
|---|---|
| Alexander B. Trueblood<br>TRUEBLOOD LAW FIRM<br>10940 Wilshire Blvd., Suite 1600<br>Los Angeles, CA 90024<br>Telephone: (310) 943-0298<br>Facsimile: (310) 943-2255 | *Attorneys for Plaintiff ALEJANDRA MENDEZ and MARIA COSIO* |
| Kirk E. Giberson<br>HEFNER, STARK & MAROIS<br>2150 River Plaza Drive, Suite 450<br>Sacramento, CA 95833<br>(916) 925-6620 | *Attorneys for Plaintiff PATRICK WILLIS* |